IN THE SUPREME COURT OF THE STATE OF DELAWARE

TARRON T. ADAMS, §
§
    Defendant Below, § No. 398, 2023
    Appellant, §
§ Court Below:  Superior Court
    v. § of the State of Delaware
§
STATE OF DELAWARE, § Cr. ID No. 1709014557 (K)
§
    Appellee. §
§

Submitted:  March 15, 2024
Decided:  May 3, 2024

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## <u>ORDER</u>

After consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)    The defendant below-appellant, Tarron T. Adams, filed this appeal from a Superior Court order denying his first motion for postconviction relief under Superior Court Criminal Rule 61.[1]  For the reasons discussed below, we affirm the Superior Court's judgment.

(2)    In September 2017, the police obtained and executed a search warrant for the residence Adams shared with his wife.  During the search, the police found

---

[1] *State v. Adams*, 2023 WL 6566923 (Del. Super. Ct. Oct. 9, 2023).

cocaine, Alprazolam, and a gun. A grand jury charged Adams and his wife with multiple drug and weapon crimes. In September 2018, a jury found Adams guilty of possession of a firearm by a person prohibited ("PFBPP"), receiving a stolen firearm, two counts of possession of a controlled substance, and possession of drug paraphernalia. The Superior Court sentenced Adams to fifteen years of Level V incarceration, suspended after ten years for probation. On direct appeal, this Court affirmed the Superior Court's judgment.[2]

(3) In February 2020, Adams filed a motion for postconviction relief. He also requested appointment of counsel. The Superior Court appointed postconviction counsel to represent Adams.

(4) In February 2022, postconviction counsel advised the Superior Court that he believed there were no meritorious postconviction claims and moved to withdraw. The Superior Court granted the motion to withdraw and informed Adams that he could proceed with his original postconviction motion or file an amended motion. Adams advised that he wished to proceed with his original postconviction motion.

(5) In May 2023, following submission of an affidavit from Adams's trial counsel and the State's response to Adams's motion for postconviction relief, a Superior Court Commissioner issued a report recommending that Adams's claims

---

[2] *Adams v. State*, 2019 WL 4410271 (Del. Sept. 13, 2019).

be denied as procedurally barred under Rule 61(i)(3) and Rule 61(i)(4). Adams filed a motion for reconsideration. On October 9, 2023, the Superior Court denied Adams's motion for postconviction relief.[3] The court declined to accept the Commissioner's recommendation that Adams's claims were procedurally barred, but accepted the Commissioner's recommendation that Adams's claims were without merit. This appeal followed.

(6) We review the Superior Court's denial of a motion for postconviction relief for abuse of discretion.[4] We review questions of law *de novo*.[5] The procedural requirements of Rule 61 are applied before consideration of the merits of any underlying claims for postconviction relief.[6] As the Superior Court recognized, the procedural bars of Rule 61 do not bar a timely claim of ineffective assistance of counsel.[7] To prevail on an ineffective assistance of counsel claim, a defendant must demonstrate that: (i) his counsel's representation fell below an objective standard of reasonableness; and (ii) but for counsel's unprofessional errors, there is a reasonable probability that the outcome of the proceedings would have been different.[8] There

---

[3] *Adams*, 2023 WL 6566923, at *4.
[4] *Baynum v. State*, 211 A.3d 1075, 1082 (Del. 2019).
[5] *Id.*
[6] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[7] *Bradley v. State*, 135 A.3d 748, 759 (Del. 2016).
[8] *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

3

is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[9]

(7) As he did in the Superior Court, Adams argues that he was deprived of his right to confront the confidential informant referenced in the search warrant and that his trial counsel was ineffective for failing to call his wife as a trial witness. For the first time on appeal, Adams contends that his trial counsel was ineffective for failing to challenge the search warrant. He also questions his postconviction counsel's filing of a motion to withdraw. Adams has waived appellate review of claims he raised below, but did not argue on appeal.[10]

(8) Rule 61(i)(4), which precludes consideration of any ground for relief that was previously adjudicated, bars Adams's claim that he was deprived of his right to confront the confidential informant. Adams argued on direct appeal that he was deprived of his right to confront the confidential informant at trial. The Court rejected that claim, holding that Adams "was not entitled to know the identity of the confidential informant, much less compel his presence, unless he could show the informant could have been able to provide testimony that would materially aid his defense" and that Adams was unable to make this showing.[11] Because Adams's

---

[9] *Strickland*, 466 U.S. at 689.

[10] *Somerville v. State*, 703 A.2d 629, 631 (Del. 1997); *Murphy v. State*, 632 A.2d 1150, 1152 (Del. 1993). In the Superior Court, Adams argued that his trial counsel was ineffective for failing to cross-examine State witnesses.

[11] *Adams*, 2019 WL 4410271, at *3.

4

claim that he was deprived of his right to confront the confidential informant was previously adjudicated, Rule 61(i)(4) bars consideration of this claim.

(9) Adams next contends that his trial counsel was ineffective for failing to call his wife as a witness at trial because her testimony would have resulted in a different verdict. During the trial the State played a recording of Adams's post-*Miranda* statement to police in which he initially said his wife bought the gun for protection, but then said he acquired the gun from someone named Tommy Lightfoot in Virginia. Adams's wife was also his co-defendant and faced the same drug and weapon charges as Adams. In his affidavit, Adams's trial counsel stated that he spoke to the wife's counsel, who advised that he would not allow the wife to testify at trial because she would incriminate herself. Trial counsel also spoke to Adams's wife before trial and she said she would not testify on Adams's behalf. Given these circumstances, the Superior Court did not err in concluding that trial counsel's decision not to call Adam's wife as a witness fell "within the range of acceptable representation."[12]

(10) Adams did not argue that his trial counsel was ineffective for failing to challenge to the search warrant until this appeal so we review for plain error.[13]

---

[12] *Adams*, 2023 WL 6566923, at *3.

[13] Supr. Ct. R. 8. ("Only questions fairly presented to the trial court may be presented for review; provided, however, that when the interests of justice so require, the Court may consider and determine any question not so presented.").

5

"Under plain error review, a defendant must show a material error on the face of the record that is basic, serious, fundamental in character, and so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process."[14] There is no plain error here.

(11) Adams correctly notes that the affidavit of probable cause did not include the exact dates and times of the controlled purchases, but it is plain from the affidavit that those purchases occurred in the days before execution of the affidavit. In claiming that marked money was not used for the controlled purchases, he ignores that the affidavit described the process for controlled purchases as including, among other things, the recording of serial numbers for the money given to the informant to purchase the drugs. And to the extent Adams suggests the drugs purchased by the confidential informant had to be included with the affidavit of probable cause for issuance of a search warrant, he is mistaken. Because Adams has not identified any reasonable basis to challenge the search warrant, he has failed to show error on the part of his trial counsel that prejudiced him. As to Adams's questions concerning his postconviction counsel's filing of a motion to withdraw, postconviction counsel may withdraw if he "considers the movant's claim to be so lacking in merit that counsel cannot ethically advocate it, and counsel is not aware of any other substantial

---

[14] *Ryan v. State*, 2024 WL 1673648, at *2 (Del. Apr. 18, 2024).

ground for relief available to the movant."[15]  The Superior Court did not err in denying Adams's motion for postconviction relief.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[15] Super. Ct. Crim. R. 61(e)(7).